UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAFIDON KINGSLEY ERE, (A 240-170-209<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION CENTER,<br>Respondent. | No. 1:26-cv-01530-DC-CKD<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner, a foreign national,[1] entered the United States lawfully in 2014 and remained in the U.S. beyond the time permitted by his F-1 visa. ECF No. 15-1 at 3. Though he claims to have applied for asylum and lawful permanent resident status (ECF No. 1 at 2), the record does not indicate that he has obtained lawful immigration status. See ECF No. 15-1 at 3. On

[1] According to Petitioner's first amended petition and the narrative section of form I-213, Petitioner is a citizen of Nigeria. ECF No. 11 at 2; 15-1 at 2, 3. However, the first page of the I-213 lists Petitioner's country of birth and citizenship as Niger, and the EOIR Automated Case Information website retrieves Petitioner's information when Niger, rather than Nigeria, is entered as the country of origin. ECF No. 15-1 at 1; https://acis.eoir.justice.gov/en/caseInformation.

September 12, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner at a bus stop as he exited Contra Costa County Jail. Id. at 2-3. They detained him, charged him administratively under I.N.A. §237(a)(1)(B) (8 U.S.C. § 1227(a)(1)(B)), and initiated removal proceedings against him. Id. Removal proceedings remain pending, with no hearing currently scheduled. See EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.

Petitioner filed an application for writ of habeas corpus pro se on February 23, 2026. ECF No. 1. After appointment of counsel, Petitioner filed an amended petition claiming that his detention without a custody hearing violates the Due Process Clause of the Fifth Amendment, and that detaining him under 8 U.S.C. § 1225(b) is unlawful on various grounds. ECF No. 11. He also filed a motion for temporary restraining order ("TRO") seeking immediate release. ECF No. 12. District Judge Dena Coggins converted the TRO motion into a motion for preliminary injunction and ordered the parties to address whether the instant matter is substantially similar to other cases in which this Court rejected the government's position that noncitizens who entered the U.S. without inspection are applicants for admission subject to detention pursuant to 8 U.S.C. § 1225(b). ECF No. 13.

Respondent replied that this case is distinguishable from those cases because Petitioner in the instant matter, who entered with a student visa, is not an applicant for admission. ECF No. 15. Respondent also opposed injunctive relief, asserting that the government did not violate any law or constitutional right by detaining Petitioner. However, Respondent did not articulate under which statutory authority it detained Petitioner. Id. Rather, Respondent stated that Petitioner "may be bond hearing eligible under 8 U.S.C. § 1226(a) if his March 3, 2025 conviction is determined by an immigration judge not to be one that falls under 8 U.S.C. § 1226(c)(1)(E)." Id. at 1. ICE's form I-213 states that Petitioner has two criminal convictions: a January 16, 2024 conviction for "Accessory: Per 33 PC (32 PC))" for which he received a sentence of one year probation and 90 days in jail, and a March 12, 2025 conviction for "Enter/Etc Noncommercial Dwelling (602.5(A) PC)" for which he was sentenced to one year probation and 50 days in jail. ECF No. 15-1 at 3. Respondent did not submit an FBI RAP sheet or any other records to

corroborate this information, nor did they articulate why they believe the March 2025 conviction invokes § 1226(c)(1)(E). Neither party clarified whether Petitioner had requested a custody determination hearing under either § 1226(a) or pursuant to Matter of Joseph, 22 I.&N. Dec. 799 (BIA 1999).

On April 6, 2026, Judge Coggins granted Petitioner's motion for preliminary injunction, finding that Petitioner had not been afforded an opportunity to contest the lawfulness of his detention since the government did not provide an adequate basis for detention. ECF No. 18. The matter was then referred to the undersigned. ECF No. 19. When given an opportunity to file an answer (ECF No. 19), Respondent stood on the record as is. ECF No. 20.

## II. Legal Standards

### A. Constitutional Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted). An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

### B. Statutory Immigration Framework

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Noncitizens who are already present in the U.S. but are subject to removal proceedings

may be detained pursuant to 8 U.S.C. § 1226. While 8 U.S.C § 1226(a) allows the government to either detain *or* release noncitizens while their removal proceedings are pending, § 1226(c) imposes *mandatory* detention on certain noncitizens. 8 U.S.C § 1226(c)(1) ("The Attorney General *shall* take into custody…) (emphasis added). See also 8 U.S.C § 1226(c)(4) (allowing release *only if* the Attorney General (AG) deems it necessary for witness protection *and* if the AG determines such noncitizen witness will not pose a danger or flight risk). 8 U.S.C. § 1226(c)(1)(E) requires detention for any noncitizen who is inadmissible under 8 U.S.C. § 1182(a)(6)(A), (6)(C), or (7) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E) (emphasis added).

Under 8 U.S.C. § 1225, a noncitizen who arrives in the United States or is present in the U.S. but has not been admitted is treated as an applicant for admission. Jennings v. Rodriguez, 583 U.S. 281, 286 (2018). Noncitizens determined to be inadmissible under certain specific grounds are covered by § 1225(b)(1) and subject to expedited removal unless they demonstrate a credible fear of persecution, after which they are detained pending adjudication of their application for asylum. 8 U.S.C. § 1225(b)(1). All other applicants for admission not covered by § 1225(b)(1) fall under § 1225(b)(2). Those subject to § 1225(b)(2) "shall be detained" while placed in removal proceedings.

## III. Analysis

### A. Statutory Authority for Detention

Petitioner raises claims regarding the government's expanded interpretation of 8 U.S.C. § 1225(b)(2) to detain noncitizens who entered the U.S. without inspection. Respondent does not dispute that Petitioner was lawfully admitted to the U.S. nor claim that §1225(b)(2) governed Petitioner's detention. The undersigned therefore need not address Petitioner's arguments regarding § 1225(b)(2), but agrees that § 1225 does not provide the proper detention authority in this matter.

At issue is whether § 1226(a) or § 1226(c) governed Petitioner's detention. Respondent has not specifically asserted that ICE detained Petitioner under either of those subsections, though it does imply that ICE viewed Petitioner's detention as mandatory per § 1226(c)(1)(E). ECF No. 15 at 1. ("Petitioner may be bond hearing eligible under 8 U.S.C. §1226(a) if his March 3, 2025 conviction is determined by an immigration judge not to be one that falls under 8 U.S.C. 1226(c)(1)(E).")

The undersigned finds that the record is insufficient to demonstrate that Petitioner was lawfully subject to § 1226(c)(1)(E) detention. First, Respondent has not alleged – let alone demonstrated – that Petitioner is inadmissible under 8 U.S.C. § 1182(a)(6)(A), (6)(C), or (7). See 8 U.S.C. § 126(c)(1)(E)(i). Petitioner is not charged under any ground of inadmissibility. See ECF No. 15-1 at 3, listing administrative charge of removability under I.N.A. § 237(a)(1)(B) (8 U.S.C. § 1227(a)(1)(B)); see also ECF No. 15 at 1 ("Petitioner here is not an applicant for admission. He was admitted on a student visa and overstayed his visa."). Additionally, Respondent has not articulated the criminal basis for § 1226(c)(1)(E) detention: whether – and if so, how – the 2025 conviction constituted the essential elements of burglary, theft, larceny, shoplifting, assault of a law enforcement officer, or a crime that resulted in death or serious bodily injury to another person. See 8 U.S.C. §1226(c)(1)(E)(ii). The 2025 conviction under California Penal Code § 602.5(a) was for a crime relating to trespass, which contains neither the intent element required for burglary nor the essential elements of any other listed crimes listed in 8 U.S.C. §1226(c)(1)(E)(ii). Compare Cal. Penal Code § 602.5(a) with §§ 459 (burglary), 459.5 (shoplifting), 484 (theft/larceny), 241 (assault). Moreover, Respondent has not provided any evidence of the criminal conviction beyond its mention in the (unsigned) I-213; Respondent provided no court records or even an FBI RAP sheet. The undersigned therefore finds no basis for detention under § 1226(c)(1)(E). Respondent did not provide an alternate basis for §1226(c) detention. The only lawful statutory basis for Petitioner's detention would be § 1226(a).

**B. Due Process**

Petitioner raises an as-applied procedural due process challenge to his detention without a bond hearing. In deciding what process is due to immigration detainees, the Ninth Circuit has

assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976) applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

Petitioner has a strong liberty interest in freedom from unlawful detention. E.C. v. Noem, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025); see also Doe v. Moniz, 800 F. Supp. 3d 203, 216 (D. Mass. 2025) ("Undoubtedly, the private interest at stake here 'is the most elemental of liberty interests—the interest in being free from physical detention[.]' ")(quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529). This strong private interest to remain free from detention weighs in favor of granting Petitioner the process he is due.

The risk of erroneous deprivation of liberty is substantial where, as here, a detained noncitizen is not provided an opportunity to challenge the lawfulness of detention. S.E. v. Noem, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085, at *3 (E.D. Cal. Jan. 27, 2026). Respondent indicated that Petitioner "may be bond hearing eligible" if an IJ determines that Petitioner's conviction does not render him subject to § 1226(c). However, there is no indication that Respondent was given notice that he was being held pursuant to §1226(c). Noncitizens are entitled to notice of the circumstances that provide the basis for mandatory detention and an opportunity to challenge the detention before an IJ. In re Kotliar, 24 I. & N. Dec. 124, 127 (BIA 2007). This is a different process than a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999). In a Joseph hearing, an IJ determines whether it is substantially unlikely that the charges of removability that subject the noncitizen to mandatory detention will be sustained. Kotliar, 24 I. & N. Dec. 124, 126 (citing Joseph, 22 I. & N. Dec. 799, 808). If the basis for detention is not included in the Notice to Appear, the noncitizen "must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." Id. at 127. Respondent did not submit a copy of the Notice to Appear indicating that Petitioner

received notice of the basis for mandatory detention, nor any evidence that Petitioner was provided a hearing to challenge such basis. The lack of notice and opportunity for a hearing in this context substantially risked erroneous deprivation of liberty, as Petitioner was detained for seven months without an opportunity to challenge the lawfulness of his detention.

The undersigned acknowledges that "the government has a strong interest in effecting removal, and in protecting the public from danger." Maksim v. Annex, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328, at *5 (E.D. Cal. Ot. 9, 2025) (citations omitted). However, providing notice and a hearing would not undercut those interests. At a custody determination hearing, an IJ would assess whether Petitioner presents a flight risk or danger to the community, as IJs routinely do for other noncitizen detainees. Black v. Decker, 103 F.4th 133, 153–54 (2d. Cir. 2024); see also Jimenez v. Wolf, No. 19-cv-7996 NC, 2020 WL 510347, at *3 ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the [noncitizen] represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In Petitioner's case, the government's interest in detaining him without proper notice and a hearing to determine whether such detention is justified is minimal. Administrative burden is a legally cognizable interest under Mathews, but Respondent's interest is further diminished by the low fiscal and administrative burdens associated with a custody hearing. See D. L.C. v. Wofford, 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

The undersigned finds that detaining Petitioner without notice and an opportunity to challenge the basis of detention constitutes a clear due process violation. The due process violation in this matter was especially egregious given that Respondent held Petitioner without a hearing for nearly seven months without articulating a viable, lawful basis for mandatory detention.

## IV. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner Imafidon Kingsley Ere's

(A 240-170-209) application for a writ of habeas corpus be GRANTED as follows:

1. Respondent be PERMANENTLY ENJOINED AND RESTRAINED from detaining Petitioner unless Petitioner is provided with adequate notice of the basis for detention and

a. A pre-deprivation hearing before a neutral arbiter in which:

i. Petitioner is provided no less than seven (7) days' notice of the hearing;

ii. Petitioner is allowed to have his counsel present;

iii. Respondent must demonstrate, by clear and convincing evidence, that detention is warranted due to a changed circumstance that renders Petitioner a danger to the community or a flight risk, or that Petitioner is otherwise lawfully subject to mandatory detention; and

iv. Petitioner's eligibility for bond and/or release on supervision must be considered unless the neutral arbiter determines that Petitioner is lawfully subject to mandatory detention;

*Or*

b. Petitioner becomes subject to a final order of removal and Petitioner is given adequate notice of such order, in compliance with 8 U.S.C. §1231 and all implementing regulations;

2. Respondent be PERMANENTLY ENJOINED AND RESTRAINED from imposing any additional restriction on Petitioner, such as electronic monitoring, unless determined to be necessary at a future pre-deprivation/custody hearing, in accordance with the hearing requirements stated above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 ere1530.imm.fnr